# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15cr00174 |
| | ) | Chief Judge Sharp |
| MICHAEL DAVID FENTON | ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of Defendant Michael David Fenton's guilty plea on Count One of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 492 by 28 U.S.C. § 2461(c), Defendant Micahel David Fenton shall forfeit to the United States his interest in the following:

   A. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, including, a money judgment in an amount to be determined, representing the amount of property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense(s) of conviction;

   B. pursuant to Title 18, United States Code, Section 492 by Title 28, United States Code, Section 2461(c), all counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in violation of Title 18, United States Code, Section 471 or 472, or any materials or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of Treasury or other proper officer including, but not limited to the following personal property:

      1. Toshiba laptop computer, (S/N: 77229200K) seized

|   |   |   |
|---|---|---|
|   |   | from The Vista Inn & Suites, Room #260, 5770 Old Hickory Boulevard, Hermitage, TN 37076 on June 12, 2015; |
|   | 2. | Canon Pixma scanner/copier/printer, (S/N: ADRH00212) seized from The Vista Inn & Suites, Room #260, 5770 Old Hickory Boulevard, Hermitage, TN 37076 on June 12, 2015; |
|   | 3. | Lexmark printer, (S/N: 05200128144) seized from The Vista Inn & Suites, Room #260, 5770 Old Hickory Boulevard, Hermitage, TN 37076 on June 12, 2015; |
|   | 4. | Epson printer, (S/N: KU5Y288112) seized from The Vista Inn & Suites, Room #260, 5770 Old Hickory Boulevard, Hermitage, TN 37076 on June 12, 2015; and |
|   | 5. | Dremel rotary tool, (S/N: LR39098) seized from The Vista Inn & Suites, Room #260, 5770 Old Hickory Boulevard, Hermitage, TN 37076 on June 12, 2015. |

(Items 1 through 5 are hereinafter collectively referred to as "Subject Property").

2. The Court has determined, based on the Plea Agreement entered herein between the United States and Defendant Michael David Fenton dated December 21, 2015 and the factual basis agreed to therein at paragraphs 8 and related paragraphs 3 and 16 of the Plea Agreement, that the Subject Property and the counterfeit currency is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 492 by 28 U.S.C. § 2461(c) and that the Government has established the requisite nexus between such property and such offense.

3. Upon the entry of this Order, the Secretary of the Treasury (or his designee) is authorized to seize the Subject Property and the counterfeit currency and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Upon entry of this Order, the Secretary of the Treasury (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights as to the Subject Property, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

5. Upon the issuance of the Preliminary Order of Forfeiture forfeiting the defendant's interest in the Subject Property and the currency, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Secretary of the Treasury (or his designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and

circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. Either upon entry of a Final Order of Forfeiture or prior to the disposal the Subject Property or upon a determination by the agency that electronic media, including but not limited to, computers, phones, tablets, etc., are no longer necessary for trial in this matter the Subject Property shall be wiped clean of all information. The United States may, at its discretion destroy the counterfeit currency (contraband) or retain it for training purposes, or other legitimate law enforcement usage, without further Order of the court and without publication to determine third party interests.

12. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED on this 53uv'f c{ 'qh'O ctej .'42380

_Kevin H. Sharp_
KEVIN H. SHARP
United States District Court Chief Judge